STATE EX REL. SOUTHERN INDIANA GAS & ELECTRIC COMPANY *v.* PIKE CIRCUIT COURT, NIXON, JUDGE.

[No. 30,366. Filed September 11, 1963.]

*G. R. Redding, John L. Wooling, (Baker & Daniels,* of counsel), of Indianapolis, *Fred P. Bamberger (Bamberger, Foreman, Oswald & Hahn,* of counsel), of Evansville, for realtor.

*Lester Nixon, pro se, Ralph P. Zoercher,* of Tell City, *Parr, Parr, Parr & Richey,* of Lebanon, *Cadick, Burns,*

*Duck & Neighbors,* of Indianapolis, and *John K. Chappell,* of Petersburg, for respondents.

MYERS, C. J.—This is an original action filed in this court by Southern Indiana Gas and Electric Company, hereinafter designated as SIGECO, against the Pike Circuit Court and the Hon. Lester Nixon as Judge thereof. The petition seeks a writ of prohibition to restrain the Pike Circuit Court from proceeding further in an alleged attempt to control and decide a cause of action over which another court in Indiana is claimed to have acquired exclusive jurisdiction. Respondents were ordered to show cause why the writ should not be granted. An answer in response has been placed on file by respondents.

The matters and issues presented to us herein are similar and parallel to those which were involved in an action recently decided by us in the case entitled *State of Indiana on the Relation of Public Service Company of Indiana, Inc.* v. *The Pike Circuit Court of Pike County, Indiana, and the Honorable Lester Nixon, Judge of Said Court,* No. 30,367 (1963), 244 Ind. —, 192 N. E. 2d 149. Both suits concern an action commenced in the Pike Circuit Court on May 18, 1962, by Indianapolis Power & Light Company, hereinafter referred to as IPALCO, to protect alleged rights to use the water from White River in an electric generating plant to be constructed on land owned by IPALCO in Pike County. It was brought against Indiana Statewide Rural Electric Cooperative, Inc., hereinafter referred to as STATEWIDE, and Hoosier Cooperative Energy, Inc., hereinafter referred to as HOOSIER CO-OP, as the owners of an adjoining tract on the river. IPALCO claims that STATEWIDE and HOOSIER CO-OP are proposing to construct a generating plant in a manner which infringes upon

IPALCO's rights. An injunction and declaratory judgment as to priority of rights are sought as relief.

One June 1, 1962, relator herein filed suit in the Superior Court of Marion County seeking to protect certain rights it claims in respect to its franchised electric utility territory. An injunction was asked against STATEWIDE to prevent it from constructing and operating an electric utility generating plant and selling electricity in any part of the territory belonging to relator unless properly authorized to do so by the Public Service Commission of Indiana and other authorities. A similar suit was brought by the Public Service Company of Indiana on the same date in the Marion Circuit Court asking for injunctive relief against STATEWIDE.

On June 20, 1962, STATEWIDE and HOOSIER CO-OP filed in the Pike County lawsuit a motion for additional parties, which was granted without notice. Summons was served on this relator, as well as upon Public Service Company of Indiana and three other privately-owned utility corporations in Indiana as the additional parties. Motions filed by relator and Public Service Company of Indiana disclaiming interest in the Pike Circuit Court proceedings were overruled. Subsequently, STATEWIDE filed a cross-complaint in the Pike Circuit Court against relator and the other four utility companies, alleging matters and raising issues already presented to the Superior and Circuit Courts of Marion County by relator and Public Service Company of Indiana, respectively. Answers in abatement filed by relator and Public Service Company of Indiana were overruled, and on February 4, 1963, the Pike Circuit Court ordered these parties to answer the cross-complaint, whereupon relator and Public

Service Company of Indiana filed separate petitions for writs of prohibition against the Pike Circuit Court.

In our opinion in the *Public Service Company of Indiana* case, we carefully scrutinized the actions filed in the Pike and Marion County courts and came to the conclusion that the two cases were separate and distinct and that the relief sought in each was entirely different. We stated that the Public Service Company of Indiana was not needed as a necessary party to fully determine the IPALCO case in Pike County, and, further that since the Marion Circuit Court (and, subsequently, the Hancock Circuit Court on change of venue from the county) had first acquired jurisdiction over the subject-matter, which STATEWIDE alleged in its cross-complaint in the Pike Circuit Court, it had exclusive jurisdiction until that cause was finally concluded. We, therefore, issued a permanent writ of prohibition.

Because of the similarity of proceedings and issues in this case to those presented to us in the *Public Service Company of Indiana* case, both in law and in fact, on the authority of that case, we find that the Pike Circuit Court must be prohibited from proceeding further against the relator herein in respect to the issues pleaded in the cause filed in the Marion Superior Court, now pending in the Shelby Circuit Court on change of venue.

A writ of prohibition is now issued and made permanent.

Achor, Arterburn and Landis, JJ., concur; Jackson, J., not participating.

NOTE.—Reported in 192 N. E. 2d 320.